UNITED STATES of America,
Plaintiff–Appellee,

v.

Ray Lawrence MONDRAGON,
Defendant–Appellant.

No. 99–30329.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 2000

Filed Oct. 3, 2000

John P. Rhodes, Assistant Federal Defender, Missoula, Montana; Daniel Donovan, Assistant Federal Defender, Great Falls, Montana, for the defendant-appellant.

Kris A. McLean, Assistant United States Attorney, Missoula, Montana, for the plaintiff-appellee.

Before: FLETCHER, and TASHIMA, Circuit Judges, and DUPLANTIER, District Judge.[1]

DUPLANTIER, District Judge:

Raymond Lawrence Mondragon appeals the sentence imposed following his guilty plea pursuant to a plea agreement. The sole issue is whether the sentence should be vacated because the government breached the plea agreement. We have jurisdiction of this appeal pursuant to 28 U.S.C. § 1291, and we remand for resentencing because the government breached the plea agreement.

The pertinent part of the plea agreement provided that, in exchange for appellant's plea of guilty to one count of using a fraudulent social security number in violation of 42 U.S.C. § 408(a)(7)(B) and 18 U.S.C. § 2 and one count of interstate transportation of stolen vehicles in violation of 18 U.S.C. § 2312, the government would "make no recommendation regarding sentence."

At the sentencing hearing, appellant's counsel asked the district judge to sentence Mondragon at the low end of the Sentencing Guidelines range,[2] stating "Ray does have a lengthy criminal history, I think it's reflected in the history that his crimes, while they cannot be diminished, are petty in nature." The district judge then asked the prosecutor if the government had anything to say. Thereafter the following colloquy occurred:

Mr. Davis: At this point, Your Honor, the Government would just like to add that when counsel states that his of-fenses have been petty in nature, we would just point out to the Court—

Mr. Rhodes: Your Honor, if I may interrupt, and I apologize, the plea agreement called for the Government not to take a position in sentencing. And I know that you elicited that from the Government, but I'd just like to bring that to the Court's attention. And I apologize for interrupting.

The Court: All right. Mr. Davis.

Mr. Davis: Thank you, Your Honor. Just to point out that there's no misconstruction of the history, we just point out to the Court the serious nature of some of the listed offenses in there and also point out that, just under my looking at this criminal history that we have in front of us, that approximately 25 percent of the time the defendant's been arrested he has run or resisted and that 45 percent of the time he has failed to appear or warrants have been issued or he's had a probation violation.

We would just like to bring that to the Court's attention.

The Court: All right.

Mr. Davis: So that his criminal history is accurately reflected.

Before sentencing appellant, the district judge stated "I don't think that any comments that [the prosecutor] has made is a comment on the sentence or recommendation with respect to the sentence, but I think it's a response to the suggestion that Mr. Mondragon is involved in petty and minor offenses, which I'm not sure that that's how I would characterize his criminal history."

The district judge sentenced appellant to a 41–month term of imprisonment, the top of the applicable guideline range, to be followed by a three year term of supervised release.

█ "The Ninth Circuit has been inconsistent in its standards for reviewing a

1. The Honorable Adrian G. Duplantier, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

2. The applicable Sentencing Guidelines range was 33–41 months.

claim that the government has breached a plea agreement. *Compare United States v. Schuman*, 127 F.3d 815, 817 (9th Cir. 1997) (de novo standard), *with United States v. Salemo*, 81 F.3d 1453, 1460 (9th Cir.1996) (clearly erroneous standard)." *United States v. Johnson*, 187 F.3d 1129, 1134 (9th Cir.1999). In a case such as this, we conclude that the review is de novo, for the only issue is whether the prosecutor's statements as a matter of law constituted a "recommendation regarding sentence."

■■■ "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). A plea agreement is a contract; the government is held to the literal terms of the agreement. *See Johnson*, 187 F.3d at 1134 (citing *United States v. Baker*, 25 F.3d 1452, 1458 (9th Cir.1994)).

■ The plea agreement specifically provides that "[t]he United States Attorney will make no recommendation regarding sentence." However, relying on *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir.1986), the government urges that it had an ethical duty to correct factual misstatements by appellant's counsel and to provide relevant information requested by the district judge. In *Read*, the plea agreement obligated the government to "take no position on what sentence should be imposed," but reserved to the government "the right to answer any questions the Court might have at the time of sentencing" and "to respond to any statement by counsel pursuant to the right of allocution." *Id.* at 1441. After the defendant entered her guilty plea, but before she was sentenced, the government, via letter, informed the district judge of criminal acts allegedly committed by the defendant after

she pleaded guilty. Read urged that by sending the letter to the district judge, the government breached the plea agreement. The court concluded that the government had not breached the plea agreement: "[t]he plea agreement did not obligate the Government to withhold factual information concerning events occurring subsequent to Read's conviction, events of which the sentencing judge could not be aware from review of the record." *Id.* at 1442.

The instant case can be readily distinguished from *Read*. The information provided by the prosecutor to the district judge, i.e., the number of times appellant ran from police, failed to appear, had warrants issued, and violated probation, was included in the presentence report which was reviewed by the district judge. Indeed, just before appellant's counsel characterized Mondragon's prior crimes as "petty in nature," the district judge demonstrated his familiarity with the presentence report, stating that appellant's "criminal history category is very interesting and, I might add, very long." The prosecutor's comments, unlike the prosecutor's letter in *Read*, did not provide the district judge with any information which he did not already have before him. What the prosecutor did was to make certain that there was "no misconstruction of the history" (appellant's counsel had construed the prior offenses as "petty in nature"), by pointing out the "serious nature" of the prior offenses.

■ Because the prosecutor's comments did not provide the district judge with any new information or correct any factual inaccuracies, the comments could have been made for only one purpose: to influence the district court to impose a harsher sentence than that suggested by appellant's counsel. This attempt by the government to influence the district court constitutes a "recommendation regarding sentencing,"[3]

---

3. We apply the common usage of the term "recommendation" as including "a statement ... giving advice or counsel." Webster's Third New International Dictionary (1972). The Eighth Circuit has done likewise. *See*

*United States v. McCray*, 849 F.2d 304, 305 (8th Cir.1988); *but see United States v. Miller*, 565 F.2d 1273, 1275 (3rd Cir.1977) (promise to "make no recommendation 'as to the sentence to be imposed'" does not prohibit the

conduct specifically prohibited by the plea agreement. We note that this means more than just not recommending a specific sentence.

■ It is of no consequence that the district judge did not construe the prosecutor's statements as a "comment on the sentence" or a "recommendation with respect to sentencing," or that the statements may have had no effect upon the sentence. The harmless error rule does not apply when the government breaches a plea agreement. *See Johnson,* 187 F.3d at 1135. The integrity of our judicial system requires that the government strictly comply with its obligations under a plea agreement.

■ Considering the government's breach of the plea agreement, we vacate appellant's sentence and remand for resentencing. As we are required to do, we remand for resentencing before a different judge. *See Santobello,* 404 U.S. at 263, 92 S.Ct. 495; *Johnson,* 187 F.3d at 1136. "We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge." *Santobello,* 404 U.S. at 263, 92 S.Ct. 495. We echo the following footnote from *Johnson,* 187 F.3d at 1137 n. 7, "[w]e remand to a different judge for re-sentencing because the case law requires us to do so. We intend no criticism of the district judge by this action, and none should be inferred."

We VACATE appellant's sentence and REMAND for resentencing before a different judge.

government from attempting to influence the sentence, but only from suggesting a specific sentence).