**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Patrick BARRETT,**
**Defendant–Appellant.**

No. 99–30394.

D.C. CR–94–00020–1–CCL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 2001.

Decided May 8, 2001.

---

Before THOMPSON, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM [*]

Defendant Robert Patrick Barrett pled guilty to one count of conspiring to distribute cocaine, marijuana, and methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to a 57–month term of imprisonment. Defendant appeals the district court's sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Barrett first asserts that the government breached its promise in the plea agreement to "make no recommendation regarding sentence" by contesting his factual assertions at the sentencing hearing about the drug quantities involved and by stating, in response to the district court's inquiry, that the evidence established the amounts of drugs reported in the presentence investigation report. We review *de novo* a contention that the prosecutor's statements at sentencing constituted a "recommendation regarding sentence." *United States v. Mondragon,* 228 F.3d 978, 980 (9th Cir.2000). We are satisfied that the prosecutor's statements at the sentencing hearing merely addressed factual information regarding the amount of drugs in issue and were not designed to influence the district court in the exercise

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of the district court's sentencing discretion. The prosecutor complied with the promise to "make no recommendation regarding sentence." *See United States v. Maldonado,* 215 F.3d 1046, 1051–52 (9th Cir.2000); *United States v. Read,* 778 F.2d 1437, 1441–42 (9th Cir.1985).

█ Barrett also challenges the district court's sentencing guideline determination on the basis that the district court improperly relied on hearsay statements of his co-conspirators to determine the drug quantities for which he was responsible, in violation of his due process rights. We review for an abuse of discretion the district court's decision to rely on hearsay testimony in sentencing. *United States v. Valensia,* 222 F.3d 1173, 1183 (9th Cir. 2000). A district court may rely on hearsay statements "so long as they are accompanied by some minimal indicia of reliability." *Id.* Consistent with the hearsay statements initially made by his co-conspirators concerning drug quantities, Barrett's own pre-arrest admissions to law enforcement officers concerning the duration of the conspiracy, the number of sources from whom he purchased drugs, the number of drug purchases in which he had engaged, and the average quantities of drugs he typically purchased supported the drug quantities relied upon by the district court. The amount of drugs discovered at Barrett's residence at the end of the investigation provided additional corroboration. We conclude that the hearsay statements of Barrett's co-conspirators were accompanied by the requisite indicia of reliability.

AFFIRMED.