UNITED STATES of America,
Plaintiff–Appellee,

v.

Manuel Haro PEREZ, Defendant–
Appellant.

No. 99–50611.

D.C. No. CR–97–00033–RJT.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 23, 2001.

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

## MEMORANDUM **

Manuel Haro Perez appeals his 87–month sentence imposed following a guilty plea conviction for conspiracy to knowingly and intentionally receive, possess, store and sell stolen firearms, in violation of 18 U.S.C. § 371, and for knowingly possessing, concealing and storing stolen firearms, in violation of 18 U.S.C. § 922(j). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm in part and vacate and remand in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Perez contends that the government breached the plea agreement by failing to recommend a sentence at the low end of the applicable guideline range. Although the government correctly points out that Perez failed to raise his breach claim before the district court, this claim is, nonetheless, reviewable for the first time on appeal where plain error exists.[1] *See United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir.2000), *cert denied*, 531 U.S. 1172, 121 S.Ct. 1141, 148 L.Ed.2d 1004 (2001).

■ The government, here, concedes that it failed to recommend sentencing at the low end of the guideline range after the district court calculated an offense level two levels lower than that advocated by the government. Because the government made a commitment to recommend sentencing at the low end of the guideline range, its failure to do so was a breach of the plea agreement. *See United States v. Mondragon*, 228 F.3d 978, 980 (9th Cir. 2000) (explaining that a plea agreement is contractual in nature and the government must fulfill any promises made therein). Accordingly, we vacate Perez's sentence and remand for re-sentencing. Moreover, as we are required to do, we remand for re-sentencing before a different judge. *Id.* at 981. (stating that "... this is in no sense to question the fairness of the sentencing judge, the fault here rests on the prosecutor, not on the sentencing judge.").

Next, Perez contends that the district court erred in applying the preponderance of evidence standard to find conduct supporting an enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) for possessing or transferring a firearm with reason to believe it would be used or possessed in connection with another felony, and that even if the preponderance of the evidence standard applied, the evidence did not support the enhancement.

Generally, we review de novo the district court's application of the standard of proof at sentencing. *United States v. Mezas de Jesus*, 217 F.3d 638, 642 (9th Cir.2000). Because Perez failed to object to the district court's application of the preponderance standard, however, we review for plain error. *United States v. Jordan*, 256 F.3d 922, 925–26 (9th Cir.2001). The district court's factual findings at sentencing are reviewed for clear error. *United States v. Johansson*, 249 F.3d 848, 858 (9th Cir.2001).

■ The district court did not plainly err by applying the preponderance standard of proof because the four-level sentence enhancement did not have an extremely disproportionate effect on Perez's sentence. *See United States v. Hopper*, 177 F.3d 824, 832–833 (9th Cir.1999) ("[R]esulting four-level increase ... is not an exceptional case that requires clear and convincing evidence."). Furthermore, the district court did not err because its finding that Perez sold firearms to members of a street gang and a known felon is supported by the record, and we agree that such a finding supports an enhancement pursuant to U.S.S.G. § 2K2.1(b)(5). *See United States v. Syrax*, 235 F.3d 422, 427 (9th Cir.2000) (stating clearly erroneous review is significantly deferential requiring appellate court to accept district court's findings absent a definite and firm conviction that a mistake has been committed).

Finally, Perez's contention that, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court erred when it increased his

---

1. Because we concluded that plain error occurred when the government breached the plea agreement, we need not address Perez's argument that we should review this claim de novo as a result of counsel's ineffective assistance for failure to raise this claim before the district court.

sentence based on facts that were not pleaded to or charged in the indictment, lacks merit. Perez's enhanced sentence did not exceed the maximum penalty for his offense, and therefore, *Apprendi* does not apply. *See Johansson,* 249 F.3d at 862.

**AFFIRMED** in part and **REMANDED** for re-sentencing before a different district court judge.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.