**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Phyllis ROBERSON, Defendant–**
**Appellant.**

**No. 00–50093.**

**D.C. No. CR–99–00018–AHS.**

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. All outstanding motions are denied.

Submitted Sept. 10, 2001.*

Decided Sept. 21, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Phyllis Roberson appeals her 33–month sentence imposed following a guilty plea to one count of making a false statement in a loan application, in violation of 18 U.S.C. § 1014. Roberson contends that the waiver of appeal set forth in the plea agreement is invalid because the government breached the plea agreement by: (1) failing to argue for a downward adjustment for acceptance of responsibility; and (2) arguing that dismissed counts and uncharged conduct should be the basis for an upward adjustment.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and will review a breach claim for the first time on appeal for the limited purpose of determining whether a defendant should be released from her waiver of appeal. *United States v. Gonzalez*, 16 F.3d 985, 990 (9th Cir.1993).

Regardless of whether we review de novo or for clear error, *United States v. Mondragon*, 228 F.3d 978, 980 (9th Cir. 2000) (listing cases that apply both the de novo and clear error standards of review for breach of a plea agreement), we conclude the government did not breach the plea agreement. The record here shows that Roberson denied portions of the factual basis of her plea, and failed to express full and complete responsibility for her crimes at the sentencing hearing. The government therefore was relieved of its obligation to recommend a downward ad-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

justment for acceptance of responsibility. *See United States v. Connelly,* 156 F.3d 978, 982 (9th Cir.1998) (stating that a failure to demonstrate contrition and remorse and lying about offense conduct or relevant conduct weighs against a finding of acceptance of responsibility).

Furthermore, under the express terms of the plea agreement, Roberson agreed that the dismissed counts and uncharged conduct would qualify as relevant conduct pursuant to U.S.S.G. § 1B1.3, and that relevant conduct would be considered by probation and the district court at the time of sentencing in determining her offense level. *Compare United States v. Galliano,* 977 F.2d 1350, 1353–54 (9th Cir.1992) (stating that losses attributable to counts which the government agreed not to prosecute or did not charge pursuant to a plea agreement were properly included in calculation of losses under sentencing guidelines); *with United States v. Faulkner,* 952 F.2d 1066, 1070 (9th Cir.1991), *and United States v. Castro–Cervantes,* 927 F.2d 1079, 1082 (9th Cir.1990).

Absent any breach by the government, Roberson's waiver of the right to appeal remains intact. *See United States v. Portillo–Cano,* 192 F.3d 1246, 1249 (9th Cir.1999).

DISMISSED.[1]

---

1. We decline to consider Roberson's ineffective assistance of counsel claim on direct appeal. *See United States v. Sager,* 227 F.3d 1138, 1149 (9th Cir.2000) ("Ineffective assistance claims … are ordinarily left for collateral habeas proceedings due to the lack of a sufficient evidentiary record as to what counsel did, why it was done, and what, if any, prejudice resulted."). Because we uphold Roberson's appeal waiver, we also decline to review Roberson's claim that the district court erred by applying a two-level upward adjustment for aggravated role.