**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Robert James GLASGOW, Defendant— Appellant.**

**No. 02–30222.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2003.

Decided Aug. 11, 2003.

did not offer to stipulate to the *mens rea*   elements of the charged offenses.

Before: HUG, B. FLETCHER, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Defendant–Appellant Robert James Glasgow was sentenced to 36 months' incarceration after pleading guilty to misprision of a felony, pursuant to a plea agreement, in connection with charges that he was involved in manufacturing metham-phetamine. Glasgow now challenges that sentence, claiming that the government breached the plea agreement when it failed to move for a downward departure under U.S.S.G. § 5K1.1, and that the district court abused its discretion in denying the government's motion for downward departure pursuant to Fed.R.Crim.P. 35. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

By the terms of the plea agreement,[1] the government agreed to recommend that Glasgow receive a sentence at the low end of the Guideline range in exchange for his cooperation. The government also agreed as follows: "In exchange for Mr. Glasgow's continued complete and truthful cooperation, the United States agrees to petition the District Court for Rule 35 relief. Naturally, it is the Court who will ultimately determine what relief, if any, has been earned by [ ] Glasgow. . . . [F]inally, the United States may seek § 5K1.1 relief as opposed to Rule 35 relief – it just depends upon when Glasgow is sentenced."

The government followed through on its promise. After Glasgow testified at his codefendant's trial, the government filed a Rule 35 motion on June 10, 2002. The government thus complied with the terms of the plea agreement. Nothing in the agreement itself or in the law suggests that the government was obliged to seek § 5K1.1 relief.[2] Moreover, nothing about

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. All references to the "plea agreement" refer both to the document so labeled, signed by the parties on March 21, 2002, and the separate letter dated February 7, 2002, addressed to Glasgow's attorney. The parties do not dispute that the terms of that letter are also part of Glasgow's plea agreement.

2. As the government acknowledges, a § 5K1.1 motion would have been more appropriate in this case because the motion was based on Glasgow's cooperation rendered prior to his sentence; Rule 35 motions pertain to assistance rendered after sentencing. *See United States v. Quach,* 302 F.3d 1096, 1102 (9th Cir.2002). However, as the government correctly notes, in this case the choice of nomenclature made no difference in the district court's consideration of the motion.

the circumstances of this case suggests that the government's choice to file a Rule 35 motion "represents an 'attempt by the government to influence the district court' to impose a harsher sentence than the one that the government agreed in the plea agreement to recommend." *United States v. Quach,* 302 F.3d 1096, 1101 (9th Cir. 2002) (citing *United States v. Mondragon,* 228 F.3d 978, 980–81 (9th Cir.2000)). Glasgow's claim of breach of the plea agreement thus fails.

■ Glasgow also maintains that the district court abused its discretion in denying the Rule 35 motion. We disagree. Rule 35(b) commits the decision to reduce a sentence for substantial assistance to the discretion of the district court; it says that the court "may," not "shall" or "must," reduce the defendant's sentence if substantial assistance is found. Here, at the hearing on the government's Rule 35 motion, the district court provided an extensive and reasoned explanation for denying that motion—an explanation that, we note, turned not at all on the distinction between pre-sentencing and post-sentencing assistance. We cannot conclude, in light of that explanation, that the district court abused its discretion.

AFFIRMED.