**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Robert JACKSON, Defendant—
Appellant.**

**No. 03–50484.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Nov. 10, 2004.

Nancy Kardon, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Vicki Marolt Buchanan, Esq., Newport Beach, CA, for Defendant–Appellant.

Before: HUG, T.G. NELSON, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Robert Jackson appeals his sentence for conspiracy to distribute cocaine base (crack) arguing that as a result of the government's breach of the plea agreement he was deprived the benefit of the Safety Valve adjustment pursuant to 18 U.S.C. § 3553(f). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate Jackson's sentence and remand for resentencing before a different judge.

The government materially breached the plea agreement when the Assistant United States Attorney argued to the district court that Jackson held a leadership role in the conspiracy. This violated the government's stipulation in the plea agreement that Jackson "was not an organizer, leader, manager, or supervisor of others." We reject the government's assertion that it cured the breach at the last minute by withdrawing the leadership argument immediately prior to the imposition of sentence. Even if a material breach were curable, it was not cured here. Jackson did not get the benefit of his plea bargain once he was forced to testify under oath without the benefit of the government's stipulation that he was not a leader.

Because the government materially breached the plea agreement, we are required to vacate Jackson's sentence and remand to a different judge for re-sentencing. *U.S. v. Mondragon,* 228 F.3d 978, 981 (9th Cir.2000). "We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutors, not on the sentencing judge." *Id.* (quoting *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)).

As the sentencing judge did not rule on the issue, the new sentencing judge must determine in the first instance whether Jackson should receive additional downward departures based on his health problems and his ineffective assistance of counsel argument.

REVERSED and REMANDED

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.