MEMORANDUM **
Allen Andy Kimball appeals from his guilty-plea conviction and 360-month sentence imposed for possession with intent to distribute, and distribution of methamphetamine, conspiracy, and money laundering, all in violation of 21 U.S.C. §§ 841(a)(1) and 846, 18 U.S.C. §§ 1956(a)(1)(A)(I) and (a)(1)(B)(I). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the conviction, vacate the sentence and remand.
*884 We are persuaded by Kimball’s contention that the government breached the terms of the proffer agreement by submitting to the district court protected statements made by Kimball. We therefore vacate Kimball’s sentence and remand for re-sentencing. See United States v. Mondragon, 228 F.3d 978, 980-81 (9th Cir. 2000) (stating that when the government violates an agreement regarding sentencing, vacating and remanding the sentence is required regardless of the effect the breach actually had on the sentence).
The remedy for this breach, however, does not require us to vacate the conviction as Kimball contends. See United States v. Franco-Lopez, 312 F.3d 984, 994 (9th Cir.2002) (vacating and remanding the sentence rather than the conviction when the government breached the plea agreement at the sentencing phase)
Because the government may have tainted the sentencing process by submitting to the district court Kimball’s protected statements, Kimball is entitled to re-sentencing before a different judge. See United States v. Johnson, 187 F.3d 1129, 1136 (9th Cir.1999). By this decision, we are not inferring any criticism of the district court judge.
Because we are vacating the sentence and remanding, we decline to address the other sentencing issues raised in Kimball’s opening brief.
CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED for resentencing before a different judge.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.