REINHARDT, Circuit Judge,
dissenting:
I have no doubt that the plea agreement was breached in this case. The district court, aware of the government’s obligations under the agreement, but unhappy with its position, expressed its dissatisfaction and asked the prosecutor to give his own personal opinion. The prosecutor answered the judge’s question honestly and, in doing so, expressed his disagreement with the recommendation that his office was bound to make. The district judge then complimented the prosecutor on his honesty.
*676 The district judge should not have asked the prosecutor to express a personal view that might well differ from that of the government. At the same time, faced with the court’s question, the prosecutor should either have simply said that he adhered to the plea agreement or declined to make any further comment. Instead, by expressing a personal view contrary to that of the government, he violated the terms of the amended plea agreement. In that agreement, the government had promised “not to seek, argue or suggest in any way, either orally or in writing ... that the court impose a sentence other than what ha[d] been stipulated to.” (Emphasis added.) Despite the terms of the agreement, the prosecutor did suggest that a higher sentence than that previously agreed upon by the parties would be more appropriate. He informed the court that he “share[d] the court’s concern and the thoughts and statements of the probation office” that the sentence proposed in the plea agreement was too lenient and added that he “personally disagree[d] with the outcome.” He also told the court that he thought that “at this point forward, the U.S. Attorney’s office should reconsider future cases, whether to extend the fast-track option to individuals so situated to avoid an outcome like this.” The implications of his statement are clear: a higher sentence was warranted. We have held repeatedly that “[a] plea agreement is a contract; the government is held to the literal terms of the agreement.” United States v. Mondragon, 228 F.3d 978, 980 (9th Cir.2000) (citing United States v. Johnson, 187 F.3d 1129, 1134 (9th Cir.1999); United States v. Baker, 25 F.3d 1452, 1458 (9th Cir.1994)). It is also elementary that the terms of a contract must be carried out in good faith. Here, the prosecutor’s statements violated the provision of the plea agreement requiring that the government refrain from “suggesting] in any way” that a different sentence should be imposed.
The majority contends that because the prosecutor prefaced his remarks with the assertion that he was obliged “to follow the office policy and to follow the terms and conditions that are in the plea agreement with the defendant,” [ER 10] the prosecution and defense were “aligned in favor of a six-month sentence, to which the court and probation officer were opposed.” [Mem. Dispo. 6] Such an interpretation of the prosecutor’s “alignment” is not borne out by the transcript of the sentencing hearing. The prosecutor’s statements are perfectly clear. He said that he “share[d] the court’s concern and the thoughts and statements of the probation office,” thereby aligning himself with the court and the probation officer, both of whom expressed the view that the proposed sentence was inadequate. The court could have been left in no doubt as to the prosecutor’s personal belief that a greater sentence than that set forth in the plea agreement should be imposed. Such an expression of personal belief by a prosecutor most certainly undermines the government’s recommendation, notwithstanding the prosecutor’s later statement that he was required to recommend the imposition of the sentence to which the government had agreed. The government breaches the agreement when its representative informs the judge that he believes the sentence is not sufficiently severe, but that he is nevertheless bound to recommend it. The prosecutor is the government when he appears at the sentencing. Recommending a sentence and then stating that it is inadequate is not recommending it in good faith, if at all.
It is of course, the government’s breach and the government’s good faith that is relevant here, not the individual prosecutor’s. I believe that the individual prosecutor meant well, but that he was ill served by the district court’s inquiry. Certainly, the prosecutor did not intend to *677 breach the plea agreement. Still, well-intentioned or not, his answers to the district court resulted in the government’s breach.
The majority’s suggestion that we should be swayed by the district court’s determination that the prosecutor did not breach the plea agreement is far from persuasive. The district court invited and encouraged, indeed caused, the breach. The district judge made it clear that he thought the agreed-upon sentence too lenient, and then invited the prosecutor to give his individual opinion of its appropriateness. “The court’s understanding of the prosecutor’s comments” [Mem. Dispo 11] are irrelevant when the court itself is so thoroughly implicated in the breach of the plea agreement. “Independent review ... does not admit of unreflective reliance on a lower court’s inarticulable intuitions.” Salve Regina College v. Russell, 499 U.S. 225, 283, 111 S.Ct. 1217, 118 L.Ed.2d 190 (1991). The district court’s “intuitions” in this case were obviously influenced by its own questionable actions. In such circumstances the district court’s understanding can have no influence on the reviewing court’s independent conclusion. Whatever the district court’s interpretation of the prosecutor’s remarks, “[t]he integrity of our judicial system requires that the government strictly comply with its obligations under a plea agreement.” Mondragon, 228 F.3d at 981. It failed to do so in this case. Accordingly, I would vacate the sentence, assign the resentencing to a different judge, and direct the government to comply with the plea agreement.
I dissent.