**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50089 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-02598-DMS-1 |
| v. | |
| SILVESTRE AVILA HERRERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted December 9, 2010
Pasadena, California

Before: PREGERSON and CLIFTON, Circuit Judges, and HOLLAND, Senior
District Judge.[**]

Defendant Silvestre Avila-Herrera appeals the sentence imposed for being a

deported alien found in the United States, in violation of 8 U.S.C. § 1326. We

vacate the sentence and remand the case for resentencing by a different judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable H. Russel Holland, Senior United States District Judge
for the District of Alaska, sitting by designation.

The government acknowledges that the advisory sentencing guideline range calculated at the time of sentencing was incorrect because there was a mistake in the criminal history category. Avila-Herrera was not in fact sentenced to 9-1/2 years of incarceration for the 1995 conviction. Even if the miscalculation may have had no impact on the sentence imposed, resentencing is required because the harmless error doctrine does not apply to the miscalculation of a guidelines sentence. *United States v. Munoz-Camarena*, 621 F.3d 967, 969-70 (9th Cir. 2010).

We also conclude that the government breached the plea agreement by failing to honor its obligation to recommend a sentence of 15 months. The circumstances here were unusual, and it may well be that the district court was never going to take that recommendation seriously once the presentencing report disclosed Avila-Herrera's history, notably his prior conviction and 46-month sentence for the same offense. We are not persuaded, however, that the government's subsequent presentations were simply responses to the court's inquiries offered to fulfill the obligation of honesty to the court. *See United States v. Maldonado*, 215 F.3d 1046, 1052 (9th Cir. 2000). Those statements were not limited to correcting factual errors or providing the district court with new

information but crossed the line into advocacy for a heavier sentence. *United States v. Mondragon*, 228 F.3d 978, 980-81 (9th Cir. 2000).

When the government has breached a plea agreement, the case must be remanded for resentencing by a different judge. *Id*. at 981. We emphasize, as we have before, that "[w]e remand to a different judge for re-sentencing because the case law requires us to do so. We intend no criticism of the district judge by this action, and none should be inferred." *Id.* (quoting *United States v. Johnson*, 187 F.3d 1129, 1137 n. 7 (9th Cir. 1999)).

Because it is necessary to remand for resentencing by a different judge, we do not reach Avila-Herrera's argument that the sentence of 51 months was unreasonable.

**VACATED AND REMANDED for resentencing by a different district judge.**