**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WALTER PIERRE RAUSINI,

Defendant - Appellant.

No. 11-10601

D.C. No. 3:95-cr-00319-MHP-7

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted April 15, 2013
San Francisco, California

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Walter Pierre Rausini appeals the district court's imposition of sentence

following the government's motion for sentence reduction pursuant to Federal

Rule of Criminal Procedure 35. We vacate and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The government breached its post-conviction agreement with the defendant by submitting to the district court a letter from a co-defendant's family member that argued for no sentence reduction. The letter did not fall under the Crime Victims' Rights Act, as asserted by the government before the district court, because the author of the letter was not a family member of one of the victims. *See* 18 U.S.C. § 3771(e) (defining crime victims as "legal guardians of the crime victim or the representatives of the crime victim's estate, family members, or any other persons appointed as suitable by the court"). Nor did the letter fall within the government's promise in the agreement to elicit the views of the victims' families because the author was not part of either family.

The government does not contest that precedent regarding the breach of plea agreements applies to Rausini's claim that the government breached his cooperation agreement. When the defendant's plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). "The integrity of our judicial system requires that the government strictly comply with its obligations under a plea agreement." *United States v. Mondragon*, 228 F.3d 978, 981 (9th Cir. 2000). When the government obligated itself to file a Rule 35 motion, it was precluded from

submitting evidence effectively opposing its own compelled motion by proxy. *See United States v. Johnson*, 187 F.3d 1129, 1135 (9th Cir. 1999) (holding that prosecutor's introduction of statement from victim of defendant's prior crime was attempt to influence court to impose sentence longer than prosecutor's recommendation). As we held in *United States v. Franco-Lopez*, 312 F.3d 984 (9th Cir. 2002), the literal terms of an agreement may be followed, and yet a breach will still occur if the government acts in such a way as to render its promise "illusory." *Id*. at 988-91. That the government electronically filed the letter with a statement that "the United States Attorney's Office hereby submits this letter" in anticipation of Rausini's sentencing hearing increased the risk that the district court could view the letter as a proxy recommendation against reducing Rausini's sentence.

The district court properly excluded the letter from its consideration. However, harmless error analysis does not apply to a governmental breach of a plea agreement, so the court's statement that it would not consider the letter is insufficient to cure the breach. *See Mondragon*, 228 F.3d at 981 ("It is of no consequence that the district judge did not construe the prosecutor's statements as a 'comment on the sentence' or a 'recommendation with respect to sentencing,' or that the statements may have had no effect upon the sentence. The harmless error

3

rule does not apply when the government breaches a plea agreement."). Moreover, "[i]t does not matter that a breach is inadvertent, or that the statements or arguments the prosecutor makes in breach of the agreement do not influence the sentencing judge." *United States v. Alcala-Sanchez*, 666 F.3d 571, 575 (9th Cir. 2012) (internal quotation marks and citations omitted). In addition, the transcript of the hearing reflects that the contents of the letter, including the recommendation that the sentence not be reduced, were discussed, at least in part.

Thus, because of the government's breach, we must vacate the sentence and remand for a new hearing on the Rule 35 motion. We need not, and do not, reach any other issue raised by the parties on appeal.

**VACATED AND REMANDED.**

<u>United States v. Rausini</u>, No. 11-10601

SILVERMAN, Circuit Judge, dissenting:


I respectfully dissent.


I agree with the district court that there was no breach of the November 8, 2000 agreement.  The government did nothing more than forward to the judge a letter specifically addressed to the judge that should have been sent to the judge directly but was sent to the U.S. Attorney's Office instead.  The government did not solicit the letter, argue that the letter was relevant, should be taken into account, or had any significance whatsoever.  It simply acted as a conduit. Nothing in the agreement prohibited this, and government counsel can hardly be faulted for failing to hide from the judge a communiqué intended for her but misdirected to them.