

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50180 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00923-SJO-13 |
| v. | |
| ROBBIONTA MONSON, AKA Fred, AKA Lil Rob, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50537 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00923-SJO-10 |
| v. | |
| STEVEN RENELL WILLIAMS, Jr., AKA Baby Ben, AKA Brazie, AKA Brazy, AKA Little Stevie, AKA Steven Williams, AKA Steven Renil Williams, | |
| Defendant - Appellant. | |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted February 3, 2014[**]
Pasadena, California

Before: KLEINFELD, SILVERMAN, and HURWITZ, Circuit Judges.

Robbionta Monson appeals the sentence imposed after his guilty plea to conspiracy to commit racketeering offenses in violation of 18 U.S.C. § 1962(d) and conspiracy to commit drug trafficking in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Steven Williams appeals his criminal sentence imposed after his guilty plea to discharging a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm.

Monson's argument that the district court erroneously imposed a two-level firearm enhancement fails because the district court did no such thing. It did not calculate a U.S.S.G. § 2D1.1(b) enhancement. It merely considered Monson's conduct as a sentencing factor under 18 U.S.C. § 3553(a).

Monson's claim that the district court violated Federal Rule of Criminal Procedure 32(h) by failing to give notice of its intent to depart above the guideline

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

range fails because the district court did not engage in a "departure." Rather, it "varied" above the guideline. No notice is required for a variance. *See Irizarry v. United States*, 553 U.S. 708, 714 (2008); *United States v. Christensen,* 732 F.3d 1094, 1102 (9th Cir. 2013).

Nor did the district court abuse its discretion by sentencing Monson above the guidelines range to 211-month concurrent sentences in light of Monson's very bad prior record, his role in this violent case, and his danger to the community, all of which the district court fully explained.

Williams argues that the government breached its agreement to recommend the statutory minimum sentence by emphasizing aggravating facts at sentencing, even though it reiterated its agreed-to recommendation. The government breaches an agreement to make no sentencing recommendation or to recommend a sentence at the low end of the guidelines range by arguing or presenting fact that serve no purpose at sentencing other than to urge the court to sentence the defendant above the agreed-upon sentence. *United States v. Whitney*, 673 F.3d 965, 971 (9th Cir. 2012); *United States v. Mondragon*, 228 F.3d 978, 980-81 (9th Cir. 2000); *United States v. Johnson*, 187 F.3d 1129, 1135 (9th Cir. 1999). But, the government does not breach its agreement if it complies with its duty to correct factual inaccuracies or to provide new relevant factual information to the court. *Id.*; *United States v.*

3

*Maldonado*, 215 F.3d 1046, 1052 (9th Cir. 2000); *United States v. Read*, 778 F.2d 1437, 1442 (9th Cir. 1985).

In this case, the government did not argue or introduce facts that served no purpose other than to urge a higher sentence. There was no agreement regarding supervised release, and the government argued that the facts it supplied supported the agreed-upon sentence and its request for the maximum supervised release term, and special release conditions.

Moreover, the parties agreed that each side retained the right to supplement the plea agreement's stipulated facts. In addition, the government was duty-bound to provide the full facts to the court. *Read*, 778 F.2d at 1441-42. Because the facts argued by the government were relevant to the requested supervised release term and conditions, which were not part of the stipulated sentence, and the government provided new relevant information that was not in the presentence report or plea agreement, the government did not implicitly breach its agreement to recommend the statutory minimum sentence.

William's brief also raises other claims of breach of the plea agreement that were not objected to in the district court. These claims do not survive plain error review.

Finally, the district court did not abuse its discretion by sentencing Williams to 156 months in prison. The maximum sentence was life; the ten-year mandatory minimum was the guideline sentence. Williams admitted that he was involved in a gang conspiracy to possess weapons in furtherance of the drug conspiracy, encouraged others to violently protect gang territory just prior to the September 11 shooting, sold at least one weapon, ordered ammunition, sold drugs, had a problem managing aggressive behavior and anger, had a violent history, and agreed that it was reasonably foreseeable that two co-conspirators intended to possess firearms and to shoot into the victims' residence on September 11. The court also considered the mitigating evidence, including a "horrific" childhood, and indicated that it was imposing a sentence lower than originally contemplated because of the mitigating facts. Under the totality of the circumstances considered by the court, the district court did not abuse its discretion by sentencing Williams to 156 months of incarceration, three years longer than the mandatory minimum but still much less than the maximum possible sentence of life.

AFFIRMED.