**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10536 |
| Plaintiff - Appellee, | D.C. No. 1:10 cr-028- FMTG-2 |
| v. | |
| RODEAN VILLA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the District Court of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Argued and Submitted
February 17, 2015 – Honolulu, Hawaii

Before:     TASHIMA, N.R. SMITH, and FRIEDLAND, Circuit Judges.

Rodean Villa appeals from the 235-month sentence imposed following his

guilty-plea conviction for conspiracy to distribute methamphetamine

hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 846, 960, and for money

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

laundering, in violation of 18 U.S.C. §§ 2, 1956(a)(2)(B)(i).[1]  We have jurisdiction

under 28 U.S.C. § 1291.  We vacate Villa's sentence and remand for resentencing

by a different district judge.

1.      Villa asserts that the government erred by failing to move for a further

one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

Since Villa's sentencing, § 3E1.1 was amended to clarify that the prosecution

should not withhold a § 3E1.1 motion based on interests not identified in § 3E1.1.

U.S.S.G. § 3E1.1 cmt. n.6.  The government concedes, and we agree, that Villa is

entitled to a new sentencing hearing in light of this amendment.  *See United States

v. Cabrera-Gutierrez*, 756 F.3d 1125, 1127 n.1 (9th Cir. 2014) (recognizing

retroactive applicability of the clarifying amendment to § 3E1.1).  Accordingly, we

vacate Villa's sentence and remand for resentencing.

2.      Villa further contends that remand is necessary because the

government breached the plea agreement by recommending a sentence higher than

the one it agreed to recommend in the plea agreement, without first moving the

district court to hold an evidentiary hearing to determine whether Villa breached

the plea agreement, as required by the plea agreement.  The government did not

address this contention in its brief and conceded at oral argument that its failure to

---

[1]      Any challenge to the underlying conviction in Villa's opening brief
was expressly withdrawn by counsel at oral argument.

2

do so constitutes waiver. We agree. *See United States v. McEnry*, 659 F.3d 893, 902 (9th Cir. 2011) (government's failure to assert available argument in its answering brief constitutes waiver). Accordingly, we hold that the government's failure to request a breach-of-plea-agreement hearing, itself, breached paragraph 10 of the plea agreement.

The proper remedy for the breach is to order the government specifically to perform its obligations under the plea agreement. *See Brown v. Poole*, 337 F.3d 1155, 1161 (9th Cir. 2003). Upon resentencing, if the government wants to advocate for a sentence higher than the one it agreed to recommend in the plea agreement, based on its assertion that Villa allegedly breached the plea agreement, it must first request that the district court hold an evidentiary hearing to determine whether Villa breached the plea agreement. At such a hearing, the government must, in accordance with the terms of the plea agreement, prove by a preponderance of the evidence that Villa breached the plea agreement.[2]

**3.** Finally, Villa asks that we reassign this case to a different district judge on remand, contending that reassignment is required by the case law. *See*

---

[2] We decline to address Villa's other arguments in favor of resentencing. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1031 (9th Cir. 2011) (declining to consider alternative arguments that might support remand because the court was "remanding on the basis of an error in the Guidelines calculations").

*Santobello v. New York*, 404 U.S. 257, 263 (1971); *United States v. Mondragon*, 228 F.3d 978, 981 (9th Cir. 2000). Again, the government has not briefed this issue and thus has waived it. *McEnry*, 659 F.3d at 902. Accordingly, on remand, this case shall be reassigned to a different judge.[3]

• ● •

We vacate the sentence and remand for resentencing and for such other proceedings as are necessary before a different judge.

**VACATED AND REMANDED with instructions.**

---

[3] We recognize that the District Court of Guam is a one-judge court, but assume that the Chief Judge of the Circuit can assign another judge to that district. *See* 28 U.S.C. §§ 291(b), 292(b).

4