**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10496 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 4:18-cr-00167-CKJ-BGM-1 |
| SETH NICHOLS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted April 14, 2020**
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges, and HARPOOL,*** District Judge.

Defendant-Appellant Seth Nichols was convicted, based on his guilty plea,

of one count of Bank Fraud under 18 U.S.C. § 1344. He appeals orders denying

---

&ast;        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

&ast;&ast;        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

&ast;&ast;&ast;        The Honorable M. Douglas Harpool, United States District Judge for
the Western District of Missouri, sitting by designation.

his motion to withdraw the guilty plea, sentencing him to 60 months in prison, and ordering payment of $3 million in restitution. We affirm.

1.	We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009). Withdrawal "should be freely allowed" before sentencing "if a defendant 'can show a fair and just reason for requesting the withdrawal.'" *Id.* (quoting Fed. R. Crim. P. 11(d)(2)(B)).

The victims' civil lawsuit against Nichols's family and related entities did not establish a "fair and just reason" to withdraw the guilty plea. The express terms of the agreement referring to "this global settlement" covered claims "against the defendant only," not claims against his family and related entities. The victims did not file a civil suit against Nichols, and the district court did not err in upholding his plea under these circumstances.

The designation of Wells Fargo as a victim in the case also did not establish a "fair and just reason" for withdrawal of the guilty plea. Because Wells Fargo waived any right it may have to restitution, its status as a named victim did not subject Nichols to any greater exposure than expected.

Nichols's claim that the government breached an alleged promise to provide an independent restitution analysis also did not establish a "fair and just reason" for

2

withdrawal of the plea. No such promise was stated in the plea agreement or at the plea hearing. Although Nichols argues the promise was "implied," we see no such implication in the plea agreement, and the district court does not have the discretion to add allegedly implied terms. *See United States v. Hammond*, 742 F.3d 880, 883 (9th Cir. 2014) ("Although Rule 11 gives courts discretion to accept or reject a plea agreement, it does not authorize courts to . . . imply terms into one.").

The prosecutor's arguments at sentencing also did not provide a basis for withdrawal. We review claims for withdrawal of a plea based on statements at sentencing de novo. *See United States v. Mondragon*, 228 F.3d 978, 980 (9th Cir. 2000). The government promised Nichols it would not "recommend an exact term of incarceration. . . for example, 48 months." At sentencing, the prosecutor repeatedly referred to the court's ability to sentence Nichols in the range of 0 to 60 months. The references to Nichols's "four years" of criminal activity were not implied recommendations for a four-year, or 48-month, prison term. Any statements supporting an arguably "harsh" sentence within the stipulated range did not violate the plea agreement because the government never promised to recommend a sentence at the lower end of that range. *Cf. United States v. Heredia*,

768 F.3d 1220, 1232 (9th Cir. 2014); *United States v. Whitney*, 673 F.3d 965, 971 (9th Cir. 2012).

2.      We review Nichols's Rule 11 argument against his 60-month sentence for plain error.  *See United States v. Vonn*, 535 U.S. 55, 59 (2002).  Pursuant to Rule 11, a district court that accepts a plea agreement is bound to terms providing "that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply[.]"  Fed. R. Crim. P. 11(c)(1)(C); *see id.* 11(c)(4)-(5).  Because the plea agreement expressly states that the parties "agree to a sentencing range from 0 to 60 months," the district court did not violate Rule 11 when it sentenced Nichols to 60 months in prison.

Although the parties agreed that the applicable range under the federal Sentencing Guidelines would be 33 to 41 months for the offense, they did not agree that a sentence within the Guidelines range "is the appropriate disposition of the case." Fed. R. Crim. P. 11(c)(1)(C).  To the contrary, they agreed that "the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence."  Thus, Nichols is incorrect in arguing that the district court was bound under Rule 11 to sentence him within the stipulated Guidelines range.

3.    We review the amount of restitution for abuse of discretion and the factual findings supporting a restitution order for clear error. *United States v. Galan*, 804 F.3d 1287, 1289 (9th Cir. 2015).  After the parties stipulated to a restitution amount of approximately $2 million, the only remaining matter in dispute was whether an additional $1.4 million, misappropriated from MSY's operating account, was a loss subject to restitution.  Based on the record and the evidence provided at the restitution hearing, the district court did not clearly err in finding that the $1.4 million was a loss subject to restitution.  Because the evidence showed losses exceeding $3 million, the district court acted within its discretion in setting the restitution amount at $3 million within the cap provided in the plea agreement.

Finally, the district court did not err in issuing a final order of restitution over Nichols's protests regarding potential offsets.  If any amount paid as restitution is recovered in a civil settlement, Nichols may raise this issue before the district court.  *See* 18 U.S.C. § 3664(j)(2).

**AFFIRMED.**