NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30126 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00116-BLW-1 |
| v. | |
| DAVID LEE BRANNUM, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted May 8, 2020**
Portland, Oregon

Before: WATFORD and HURWITZ, Circuit Judges, and BATTAGLIA,*** District Judge.

David Brannum pleaded guilty to violating 26 U.S.C. § 7206(2) by assisting

in the preparation of a fraudulent tax return. The plea agreement stipulated that "the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

total tax loss to the Government . . . was $101,555.00."[1]  The presentence report ("PSR"), relying on this figure, recommended a below-Guidelines sentence of probation only, with a special condition of home confinement.

The government's sentencing memorandum, however, contended "that [Mr. Brannum] actually caused a tax loss of approximately $3.3 million" and sought a sentence of 21 months of imprisonment.  After Brannum objected, the district court found that the government did not breach the plea agreement by citing the higher loss figure but stated it would not consider that amount in sentencing.  The court then sentenced Brannum to a below-Guidelines term of 12 months and one day of incarceration.  Brannum timely appealed.  We have jurisdiction under 28 U.S.C. § 1291.

Because "the only issue is whether the prosecutor's statements as a matter of law constituted" a breach of the plea agreement, our "review is de novo." *United States v. Mondragon*, 228 F.3d 978, 980 (9th Cir. 2000).  "Plea agreements are contractual by nature and are measured by contract law standards." *United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002).  We "enforce the literal terms of the plea agreement, but construe ambiguities in favor of the defendant." *Id.* (cleaned up).

---

[1]    The $101,555.00 figure was also included in the "Factual Basis" for the "Nature of the Charges," a subsection that provided general background information about Brannum's accounting work.

2

The tax-loss stipulation in the plea agreement is unambiguous. The government's reliance on a higher figure at sentencing was a breach of that agreement. We reject the government's contention that the stipulation about "total tax loss" referred only to so-called "criminal" losses for Guidelines purposes, not the actual total "civil" loss of tax revenue, which the government contends could be used in applying the 18 U.S.C. § 3553(a) factors. The plea agreement, however, makes no such distinction, referring to the stipulated figure as the "total tax loss to the Government." Nor did the government's reservation in the plea agreement of a right to allocute in favor of a Guidelines sentence allow it to do so in a manner at odds with other express stipulations. *See Franco-Lopez*, 312 F.3d at 986–88, 991–92.

The government did not cure the problem by asking the district court to disregard the larger tax-loss figure if it found breach. Only "*some* breaches may be curable upon timely objection," such as a "mere slip of the tongue or typographical error." *United States v. Heredia*, 768 F.3d 1220, 1235 (9th Cir. 2014) (first quoting *Puckett v. United States*, 556 U.S. 129, 140 (2009)) (second quoting *United States v. Alcala-Sanchez,* 666 F.3d 571, 576 (9th Cir. 2012)). This case involved a more serious breach. Although the government's sentencing memorandum noted "the agreed-to restitution figure of $101,550.00," it also cited the $3.3 million figure in support of its recommendation of a sentence harsher than that recommended in the

3

PSR. At the sentencing hearing, the government repeatedly sought to defend its use of both figures. "These equivocations left room for doubt about the government's position on the issue." *Alcala-Sanchez*, 666 F.3d at 576.

"[E]ven if the government had acknowledged its error in its supplemental memorandum, doing so would not have cured the breach." *Heredia*, 768 F.3d at 1235. "What the defendant wants and is entitled to is the added persuasiveness of the government's support regardless of outcome." *United States v. Camarillo-Tello*, 236 F.3d 1024, 1028 (9th Cir. 2001). "[O]ne really cannot calculate how the government's error and breach may have affected the perceptions of the sentencing judge." *Alcala-Sanchez*, 666 F.3d at 577. "That the district court claimed not to have been influenced by the government's sentencing memorandum is simply 'irrelevant.'" *Heredia*, 768 F.3d at 1235 (quoting *Camarillo-Tello*, 236 F.3d at 1028).

"Considering the government's breach of the plea agreement, we vacate appellant's sentence and remand for resentencing. As we are required to do, we remand for resentencing before a different judge." *Mondragon*, 228 F.3d at 981. We "emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge." *Id.* (quoting *Santobello v. New York*, 404 U.S. 257, 263 (1971)). We "intend no criticism of the district judge by this action, and none should be inferred." *Alcala-*

4

*Sanchez*, 666 F.3d at 577 n.2 (quoting *United States v. Johnson*, 187 F.3d 1129, 1136 n.7 (9th Cir. 1999)).

We note that on appeal, Brannum seeks not simply a resentencing, but also that his conviction be vacated. We express no opinion regarding whether the appropriate remedy in this case is "rescission" of the plea agreement or "a resentencing at which the Government would fully comply with the agreement—in effect, specific performance of the contract." *Puckett*, 556 U.S. at 137. We leave that issue to the new judge on remand.

We **vacate** the sentence and **remand** for further proceedings before a different district judge.