**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

RONALD DEAN MOSCHELLA,
*Defendant-Appellant*.

No. 11-50377

D.C. No.
8:11-cr-00024-
ODW-1

OPINION

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted
December 5, 2012—Pasadena, California

Filed August 14, 2013

Before: Marsha S. Berzon and Sandra S. Ikuta, Circuit
Judges, and Jennifer G. Zipps, District Judge.[*]

Opinion by Judge Zipps

---

[*] The Honorable Jennifer G. Zipps, District Judge for the U.S. District
Court for Arizona, sitting by designation.

## SUMMARY**

### Criminal Law

Affirming a criminal judgment entered following the defendant's guilty plea to mail fraud and wire fraud, the panel disagreed with the defendant that the government breached the plea agreement by tacitly urging the district court to impose a sentence above the agreed-to recommendation.

The panel held that because the sentence outside of the Sentencing Guidelines range was the result of a variance and not a departure, Fed. R. Crim. P. 32(h) did not require the district court to give notice.

The panel held that the defendant failed to establish (1) that the district court erred by failing to sua sponte determine the sufficiency and reliability of statements proffered by the government in support of restitution for newly-discovered victims, or (2) that if such error occurred, it was sufficient to undermine confidence in the outcome of the proceedings.

The panel held that the district court properly exercised its discretion in imposing a special condition of supervised release requiring that the defendant apply all monies received to his court-ordered financial obligations. The panel disagreed with the defendant that 18 U.S.C. § 3664(n) authorizes a court to impose a condition of this nature only during incarceration.

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Gene D. Vorobyov, Law Office of Gene Vorobyov, San Francisco, California, for Defendant-Appellant.

Robert J. Keenan (argued), Assistant United States Attorney; André Birotte, Jr., United States Attorney; Robert E. Dugdale, Assistant United States Attorney, Santa Ana, California, for Plaintiff-Appellee.

**OPINION**

ZIPPS, District Judge:

Defendant Ronald Dean Moschella pleaded guilty to five counts of mail fraud and two counts of wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343. He was subsequently sentenced to 63 months' imprisonment and 3 years' supervised release. On appeal, Defendant claims: (1) the government breached the plea agreement by arguments it made at sentencing; (2) the district court failed to give notice of its intent to impose a sentence above the range suggested by the Sentencing Guidelines as required by Fed. R. Crim. P. 32(h); (3) the district court erred in ordering restitution for two newly-discovered victims; and (4) the district court lacked legal authority to impose Special Condition 8 as a condition of supervision. We have jurisdiction pursuant to 18 U.S.C. § 3724(a), and we affirm.

## I. Background

Shortly after the government filed an information charging Moschella with five counts of mail fraud and two

counts of wire fraud, Moschella pleaded guilty to all seven counts pursuant to a written plea agreement. In the agreement, the government agreed to recommend a sentence of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, which the parties calculated to be 33 months, based on a total offense level of 20 and a criminal history category of I. The agreement permitted Moschella to argue for a sentence below the sentencing range based on factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), but reserved to the government the right to oppose any defense motion for a sentence below the applicable Sentencing Guidelines range. The agreement also permitted either party to supplement the facts by providing relevant information to the court. In addition to the terms regarding imprisonment, Moschella agreed to pay full restitution to the victims in the amount of $2,016,130, and the parties stipulated that this amount could be amended upon facts that came to the parties' attention prior to sentencing. Finally, Moschella waived his right to appeal "any special condition to which defendant [did] not object at or before sentencing."

The recommendation for a sentence of 33-months was not well received by the district court. At the outset of the sentencing hearing, the district court indicated its dissatisfaction with recommendations by the government and the Probation officer for a sentence at the low end of the Guidelines range, and with the Defendant's request for a sentence below the low end of the range; the court indicated it was considering a sentence at the high end of the range.

Defense counsel attempted to convince the court that a sentence at the low end of the Sentencing Guidelines range was appropriate and, in light of the § 3553(a) factors, the

sentence should be below the range. The prosecutor continued to recommend the sentence of 33 months, but also addressed defense arguments for a lower sentence. The prosecutor urged the court to reject the defense request for a sentence below the Guidelines range in light of the seriousness of the offense, the three year duration of the fraudulent scheme, and the resulting $2 million in losses to the victims. The prosecutor asserted that Moschella was motivated by greed, and that he was a danger to society. The prosecutor emphasized that a sentence of 33 months was essential and that a sentence "substantially below or at all below 33 months" would be "inadequate to achiev[e] all the goals of sentencing," and, specifically, deterrence.

After hearing arguments, the district court determined that Moschella's Sentencing Guidelines range was inadequate to reflect the seriousness of the offense. Citing the sentencing factors enumerated in § 3553(a), the court increased the offense level by four levels, resulting in a sentencing range of 51–63 months. In increasing the offense level, the court noted that Moschella had perpetrated a sophisticated scheme that required substantial planning and that Moschella willingly betrayed friends. The court sentenced Moschella to 63 months' imprisonment on each count, to be served concurrently. In imposing the sentence, the court indicated that it had considered the nature and circumstances of the offense, the history and characteristics of the defendant and the need for the sentence imposed to: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; and protect the public from further crimes of the defendant.

The court ordered Moschella to pay restitution in the total amount of $2,096,130. This amount included restitution to two victims, Katie Koch and Lorraine Carr, who had been newly identified by the government and disclosed to defense counsel just prior to the sentencing hearing. Moschella made no objection to including these victims' losses in the restitution order.

Further, the court ordered that Moschella's term of imprisonment be followed by three years of supervised release, which included as a condition of supervision, Special Condition No. 8: "defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation."

On September 21, 2011, Moschella timely filed a notice of appeal.

## II. Standard of Review

Because Defendant's arguments on appeal were not presented to the district court, we review for plain error. *United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012); *United States v. Evans-Martinez*, 530 F.3d 1164, 1167 (9th Cir. 2008); *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc). Plain error is error, that is plain, and that affects substantial rights. *Ameline*, 409 F.3d at 1078. An appellate court may exercise its discretion to notice a forfeited error that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citations omitted).

## III.    Breach of Plea Agreement

The parties agree that the written plea agreement required the government to recommend a sentence no higher than the low end of the applicable Sentencing Guidelines range, which the parties calculated to be 33 months.  Defendant contends that the government breached the plea agreement by tacitly urging the district court to impose a sentence above the 33-month recommendation.  We disagree.

Under the plea agreement, Defendant reserved the right to argue for a sentence below the sentencing guideline range and the government reserved the right to oppose any defense argument for a reduced sentence.  The plea agreement also permitted either party to supplement the facts by providing relevant information to the Court.  Our review of the record finds no support for Defendant's contention that the government implicitly breached the agreement by highlighting certain aspects of the offense. Instead, we conclude that the prosecutor's sentencing arguments were a fair response to Defendant's request for a downward variance from the low-end of the advisory Guidelines range. Moreover, we note that in arguing against a downward variance, the prosecutor affirmatively recommended three times that the district court impose the agreed-upon 33-month sentence.

We reject Defendant's comparison of his case to *United States v. Whitney*, 673 F.3d 965 (9th Cir. 2012), *United States v. Mondragon*, 228 F.3d 978 (9th Cir. 2000), and *United States v. Canada*, 960 F.2d 263 (1st Cir. 1992), because here the plea agreement specifically authorized the government's arguments.  In contrast, in *Whitney*, we found that the prosecutor breached the explicit terms of the plea agreement

when she argued that the incriminating information obtained during the defendant's cooperation warranted a two-level increase in the Sentencing Guideline calculations. 673 F.3d at 971–72. The plea agreement prohibited the government from divulging incriminating information obtained during the cooperation and required the government to recommend a sentence at the low end of the applicable guideline range. *Id.* at 970–71. Similarly, in *Mondragon*, the government promised in the plea agreement that it would make no recommendation regarding sentence; there was no plea provision that permitted the government to respond to arguments made by the defendant. 228 F.3d at 980. Nonetheless, at sentencing, the government emphasized the serious nature of the defendant's prior offenses and his history of resisting arrest and failing to appear in relation to those offenses – information that was already provided to the district court in the presentence report. *Id*. We concluded that the only reason the government could have for relating this information was to influence the court to impose a harsher sentence than that suggested by defense counsel, in breach of the plea agreement. 228 F.3d at 980–81. Finally, in *Canada*, although the plea agreement required the prosecutor to recommend a particular sentence, she affirmatively failed to do so, emphasized the defendant's supervisory role in the offense, and urged the judge to impose a "lengthy period of incarceration." 960 F.2d at 269–70.

Unlike each of these cases, the government's arguments at sentencing were directed to the specific objective identified in and permitted by the plea agreement. Accordingly, we conclude there was no breach of the agreement.

## IV.    Fed. R. Civ. P. 32(h)

Defendant contends that the district court was required to provide him with notice pursuant to Rule 32(h), Fed. R. Crim. P., before imposing a sentence outside of the advisory Sentencing Guidelines range. Before a sentencing court may depart from the applicable guideline range on a ground not identified for departure in the presentence report or in a party's prehearing submissions, Rule 32(h) requires the court to give reasonable notice that it is contemplating such a departure. Fed. R. Crim. P. 32(h). A district court is not required under Rule 32(h) to give advance notice before imposing a sentence outside of the advisory guideline range if the sentence is the result of a variance. *Irizarry v. United States*, 553 U.S. 708, 716 (2008).

"A 'departure' is typically a change from the final sentencing range computed by examining the provisions of the Guidelines themselves." *United States v. Cruz-Perez*, 567 F.3d 1142, 1146 (9th Cir. 2009). A "variance" normally occurs when a judge imposes a sentence that is above or below the properly calculated final sentencing range based on the application of statutory factors enumerated in 18 U.S.C. § 3553(a). *Id*.

Here, the district court made no mention of imposing a departure provided for by the Sentencing Guidelines; to the contrary, the court explicitly referenced the § 3553(a) factors in imposing a higher sentence. As the district court's sentence was the result of a variance, we conclude that notice under Rule 32(h) was not required. *See United States v. Rangel*, 697 F.3d 795, 802-03 (9th Cir. 2012) (finding district court imposed an upward variance where it relied on § 3553(a) factors).

## V.  Restitution

Defendant next asserts that the district court plainly erred by failing to *sua sponte* determine the sufficiency and reliability of the statements proffered by the government in support of restitution for newly-discovered victims.  Section 3664(e), 18 U.S.C., requires that "[a]ny *dispute* as to the proper amount or type of restitution . . . be resolved by the court by the preponderance of the evidence."  (emphasis added).  Here, the court did not plainly err in awarding restitution to Carr and Koch, because no dispute was presented to the court to resolve.  The record demonstrates that the government disclosed the victims and their losses to defense counsel prior to the sentencing hearing. At the hearing, the government apprised the court of the newly-discovered victims and their losses.  Defendant did not object to the additional losses being added to the total restitution award.  Therefore, upon review of the record, we conclude that the Defendant has failed to establish that an error occurred or, if such an error occurred, that it was sufficient to undermine confidence in the outcome of the proceedings. *Ameline*, 409 F.3d at 1078.

## VI.     Special Condition No. 8

Finally, Defendant challenges the imposition of Special Condition of Supervised Release No. 8, which requires that Defendant apply all monies received to his court-ordered financial obligations.  According to Defendant, 18 U.S.C. § 3664(n) authorizes the court to impose a condition of this nature only during incarceration.  We disagree.

A district court has discretion to impose any condition set forth in 18 U.S.C. § 3563(b) (including an order of

restitution) and any other condition it considers to be appropriate so long as the condition:  is reasonably related to the factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); involves no greater deprivation of liberty than is necessary for the purposes set forth in §§ 3553(a)(2)(B), (a)(2)(C) and (a)(2)(D); and is consistent with pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d).  We find that the district court properly exercised its discretion in imposing the condition to ensure that the victims receive restitution should Defendant receive any sort of unexpected financial gain.

**AFFIRMED.**