**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50261 |
| Plaintiff - Appellee, | D.C. No. 8:08-cr-00150-AG-1 |
| v. | MEMORANDUM[*] |
| JEANNE MARIE ROWZEE, AKA Jeanne M. Rowzee, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and submitted November 6, 2013
Pasadena, California

Before: FISHER and CLIFTON, Circuit Judges, and SINGLETON, Senior
District Judge.[**]

Jeanne Marie Rowzee appeals her conviction and the sentence imposed

following her guilty plea to one count of conspiracy (count one) and one count of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

securities fraud (count two). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I

Rowzee contends that the government breached the plea agreement because, "[a]lthough the prosecutor did recommend a 70 month sentence in his sentencing papers, he made comments at sentencing that appeared to implicitly recommend a higher sentence." Considering the totality of the circumstances, we hold that the government did not breach the plea agreement when it stated that "70 months . . . would be the minimum . . . the court should impose in a case like this," because it offered the statement not to argue for a higher sentence but rather in response to Rowzee's request for a 36-month sentence. *See United States v. Moschella*, 727 F.3d 888, 892 (9th Cir. 2013). This was permissible under the plea agreement.

## II

Rowzee additionally argues that the district court committed Rule 11 error because it failed to adequately inform her about the nature of the charges and failed to establish that there was a sufficient factual basis for Rowzee's guilty plea to the securities fraud count. Rowzee acknowledges that the plain error standard of review applies. Considering the totality of the circumstances and in light of her personal characteristics, we hold that Rowzee cannot demonstrate that the district

court committed plain error with respect to her understanding of the conspiracy charge. As Rowzee acknowledges, the Information alleges an overt act in furtherance of the conspiracy, and while the "nature of the offense" section of the plea agreement omits mention of an overt act, the factual basis for the offense as described in the plea agreement does. Although a district court that sufficiently explains to a defendant the factual basis of charges may nonetheless err when it does not explain the legal elements of the charges, *McCarthy v. United States*, 394 U.S. 459, 466-67 (1969), given Rowzee's legal background in SEC litigation and white collar criminal defense, as well as her acknowledgment of the truth and accuracy of the factual basis in the plea agreement, Rowzee cannot show that the district court plainly erred in ensuring that Rowzee understood the nature of the conspiracy charges.

The record also demonstrates that Rowzee was adequately informed that her offense involved the violation of an SEC regulation, and the court did not plainly err in its colloquy. The description of the elements of the securities fraud offense in the plea agreement, as read during the plea colloquy, expressly incorporated the violation of the relevant SEC regulation, 17 C.F.R. § 240.10b-5, and there is no requirement that the regulation be specifically cited. *See United States v. Tarallo*, 380 F.3d 1174, 1187 (9th Cir. 2004).

3

Rowzee also fails to demonstrate that the district court erred in determining that there was a factual basis for count two. In this case, the money invested by the victims was used in a common enterprise (allegedly used to provide bridge loans to companies) in exchange for a typical return of 25 percent to 35 percent within three to four months. The investment opportunity was widely offered and the investors did not exercise any control over the loans; only Rowzee and the other perpetrators had authority to manage the investments. The undisputed facts therefore demonstrate that the district court did not plainly err in determining under the test set forth in *SEC v. W.J. Howey Co.*, 328 U.S. 293, 301 (1946), that the challenged investments were "securities" for purposes of the Securities Act, thus establishing a factual basis for Rowzee's guilty plea to the securities fraud count.

III

Rowzee next argues that count two of the Information is defective because it failed to apprise her of the securities fraud charge. Even assuming the Information is defective, however, Rowzee's unconditional guilty plea waived any nonjurisdictional defects contained therein, including any failure to allege an element of a federal offense. *See United States v. Cotton*, 535 U.S. 625 (2002); *United States v. Velasco-Medina*, 305 F.3d 839, 845-46 (9th Cir. 2002).

4

IV

Rowzee next argues that the restitution order was improper because it exceeded the amount of actual damages and was based on insufficient evidence. At sentencing, however, the court ordered, "The victim's recovery is limited to the amount of their loss and the defendant's [liability] for restitution ceases if and when the victims receive full restitution." The court therefore provided a mechanism that would enable Rowzee to present more accurate evidence regarding victims' actual losses and thus reduce the total restitution amount, which is exactly what defense counsel requested at sentencing. And because the court explicitly stated that Rowzee is only liable until the victims receive the full restitution of their actual loss, she cannot demonstrate that the restitution that will be imposed is greater than the actual loss.

V

Rowzee finally argues that the district court erred in imposing mental health and occupations restrictions as conditions of supervised release. Because Rowzee did not object below to the conditions of supervised release, we review this claim for plain error. *United States v. Johnson*, 626 F.3d 1085, 1088-89 (9th Cir. 2010).

Rowzee first argues that the mental health condition is vague because it does not specify whether the treatment refers solely to outpatient treatment or includes

5

inpatient care.  At oral argument, the parties agreed that Rowzee is not presently a danger to herself or others based upon her mental health.  The government further acknowledged that the supervised release condition would not permit involuntary commitment without a judicial order after notice and an opportunity to be heard. *See United States v. Esparza*, 552 F.3d 1088, 1091 n.5 (9th Cir. 2009).  Based on this reading, we conclude that the condition is not overbroad.

Rowzee also contends that the reasons for the mental health treatment conditions are "not apparent" and unnecessary because she has a history of voluntarily seeking help.  However, the record is replete with Rowzee's own references to her mental health issues–including six pages of her sentencing position that are devoted to discussion of her post-traumatic stress disorder, long-term depression, and bipolar disorder.  *See United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (court not required to state reasons for supervised release conditions where "reasoning is apparent from the record").  The same reasons support the district court's authorizing disclosure of information to her treatment provider and social service agencies.  *See United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008).

Rowzee also challenges as substantively unreasonable and overbroad the court's order that she provide her probation officer with access to "any and all

6

business records, client lists and other records" for any business she owns in whole or in part. We conclude, however, that the challenged condition is reasonably related to the circumstances of Rowzee's conviction and to the goals of deterrence and protection of the public. *See* 18 U.S.C. §§ 3553(a)(1), (2) and 3583(d); *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008).

**AFFIRMED.**