**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10256 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00430-PMP-GWF-1 |
| v. | |
| ANN HILTON, AKA Ann Onion, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted April 9, 2014
San Francisco, California

Before: KLEINFELD, NGUYEN, and WATFORD, Circuit Judges.

The district court correctly held that the government did not breach Ann

Hilton's plea agreement. Whether we review the district court's ruling de novo or

for clear error, we agree that the government did not explicitly or implicitly breach

a term of her plea agreement, which distinguishes this case from the cases on

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

which Hilton relies. *See United States v. Whitney*, 673 F.3d 965, 970–71 (9th Cir. 2012); *United States v. Johnson*, 187 F.3d 1129, 1134–35 (9th Cir. 1999).

The explicit terms of the agreement authorized both parties to "provide additional information to the . . . Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances." The agreement further stated that "[g]ood faith efforts to provide truthful information" to the court would not be grounds for Hilton to withdraw her plea. No term of the agreement prohibited the government from relying on facts not mentioned in the plea agreement as a basis for opposing Hilton's request for a downward departure. There was thus no explicit breach.

The government did not implicitly breach the plea agreement either. The prosecutor continued to recommend a 21-month sentence, as the government had promised, and he said nothing at sentencing to undercut that recommendation. The government's sentencing memorandum and arguments before the district court were a "fair response" to Hilton's request for a below-Guidelines sentence. *See United States v. Moschella*, 727 F.3d 888, 892 (9th Cir. 2013). Hilton bargained for the government's promise to recommend a 21-month sentence, and the government didn't explicitly or implicitly breach that promise.

**AFFIRMED**.