NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50532 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-01975-LAB |
| v. | |
| JUAN HEREDIA-PANTALEON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Juan Heredia-Pantaleon appeals from the district court's judgment and

challenges the 30-month sentence and 3-year term of supervised release imposed

following his guilty-plea conviction for being a removed alien found in the United

States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Heredia-Pantaleon contends that the government breached the parties' plea agreement at the sentencing hearing by implicitly suggesting that it did not support the stipulated two-level fast-track departure under U.S.S.G. § 5K3.1. This claim fails because the record reflects that, in its sentencing summary chart and at the sentencing hearing, the government stood by its recommendation that Heredia-Pantaleon receive the stipulated fast-track departure. The challenged statements were offered in response to Heredia-Pantaleon's request for additional downward departures, which the plea agreement permitted the government to oppose. *See United States v. Moschella,* 727 F.3d 888, 892 (9th Cir. 2013) (no breach where "the plea agreement specifically authorized the government's arguments").

Heredia-Pantaleon next contends that the district court procedurally erred by basing its rejection of the fast-track departure on its desire to achieve a particular Guidelines range. This argument is belied by the record, which reflects that the court followed the proper sentencing procedure. *See United States v. Rosales-Gonzales,* 801 F.3d 1177, 1181-82 (9th Cir. 2015).

Heredia-Pantaleon finally contends that his sentence is substantively unreasonable in light of the district court's denial of his requests for fast-track and

criminal-history departures and the 18 U.S.C. § 3553(a) sentencing factors.

The court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51

(2007). The custodial sentence is substantively reasonable in light of the section

3553(a) factors and the totality of the circumstances, including Heredia-

Pantaleon's criminal and immigration history. *See Gall*, 552 U.S. at 51.

Moreover, the supervised release term is substantively reasonable in light of the

need for deterrence. *See* U.S.S.G. § 5D1.1 cmt. n.5; *United States v. Valdavinos-

Torres*, 704 F.3d 679, 693 (9th Cir. 2012).

**AFFIRMED.**