**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30256 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00141-BLW-1 |
| v. | |
| DANIEL RYAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted December 5, 2018**
Seattle, Washington

Before: GRABER, McKEOWN, and CHRISTEN, Circuit Judges.

Defendant Daniel Ryan appeals the below-Guidelines concurrent sentences

of 27 months that the district court imposed for importing and possessing with

intent to distribute MDMA, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C),

952, and 960. We dismiss the appeal.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

The government did not breach the plea agreement by estimating, in its discussion of the recommended sentence, the large quantity of drugs Defendant had imported over a two-year period.[1]  First, the plea agreement expressly reserved the government's "right to fully allocute at sentencing regarding any sentencing recommendation and to rely on any information [from various sources] in support of its recommendation."  The plea agreement's recitation of a lower drug quantity merely provided context for the government's affirmative sentencing recommendation of 37 months—the low end of the applicable Guidelines range—for each of the two counts of conviction.  Second, the government was responding permissibly to Defendant's request for a sentence of probation.  See United States v. Moschella, 727 F.3d 888, 892 (9th Cir. 2013) ("[T]he prosecutor's sentencing arguments were a fair response to Defendant's request for a downward variance from the low-end of the advisory Guidelines range.").

Defendant makes no other claim challenging the validity of the plea agreement.  Therefore, we enforce the appeal waiver in the plea agreement because none of the exceptions applies.

**Appeal DISMISSED.**

---

[1] The parties dispute whether we review for clear error or de novo the district court's conclusion that no breach occurred.  See United States v. Plascencia-Orozco, 852 F.3d 910, 916 (9th Cir.) (describing lack of certainty in our precedents), cert. denied, 138 S. Ct. 412 (2017).  We need not resolve that dispute because, under either standard, Defendant's argument is unpersuasive.