**NOT FOR PUBLICATION**

FILED

DEC 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30219 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00029-RHW-1 |
| v. | |
| MICHELLE SUSAN FERRELL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted December 2, 2020[**]

Before:   WALLACE, CLIFTON, and BRESS, Circuit Judges.

Michelle Susan Ferrell appeals from the district court's judgment and

challenges the 36-month sentence imposed following her guilty-plea conviction for

wire fraud, in violation of 18 U.S.C. § 1343.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ferrell first contends that the government breached the plea agreement by implicitly advocating for an above-Guidelines sentence, and by having representatives of her former employer testify as to the impact of her fraud. The record reflects that the government reserved the right to oppose a downward variance, and Ferrell requested a below-Guidelines sentence. The government therefore did not breach the plea agreement by arguing that a higher, within-Guidelines sentence was warranted. *See United States v. Moschella*, 727 F.3d 888, 892 (9th Cir. 2013).

Ferrell also contends that the district court procedurally erred by considering the impact of her fraud on the community, failing to consider any mitigating factors, and failing to adequately explain the sentence. We review for plain error*, see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. A district court does not err by "considering the extent to which the Guidelines did not sufficiently account for the nature and circumstances of [Ferrell's] offense." *United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013). Contrary to Ferrell's contention, the record demonstrates that the district court considered her mitigating arguments, but concluded they did not warrant a shorter sentence. *See United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008). The record also reflects that the district court thoroughly explained the sentencing factors and how the circumstances of Ferrell's crime

19-30219

warranted an above-Guidelines sentence.

To the extent Ferrell argues the above-Guidelines sentence is substantively unreasonable, the district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including, as the district court noted, Ferrell's criminal history, the nature and circumstances of the offense, and the need to protect the public. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**