NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50103 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00016-FLA-1 |
| v. | |
| KAMRAN REZAPOUR, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Argued and Submitted July 14, 2022
Pasadena, California

Before: BENNETT and KOH, Circuit Judges, and KATZMANN,** Judge.

In 2014, Kamran Rezapour pleaded guilty to charges of wire fraud and

adulteration or misbranding of food or drugs in the Western District of North

Carolina. The court sentenced him to 108 months in custody followed by three

years of supervised release and imposed both a criminal fine and mandatory

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gary S. Katzmann, Judge for the United States Court
of International Trade, sitting by designation.

restitution. On January 22, 2021, jurisdiction over Rezapour's supervised release was transferred to the Central District of California. Subsequently, the United States Probation Office ("Probation") petitioned the court for revocation of that supervised release, alleging that Rezapour had violated the conditions of his release by failing to submit monthly payments toward his criminal fine, failing to notify Probation of changes to his economic circumstances, and failing to submit truthful monthly supervision reports. At a hearing on April 9, 2021, Rezapour admitted these violations, and the district court revoked and reimposed his supervised release with a number of additional special conditions. Among these additional conditions was the requirement that Rezapour be limited to one virtual currency wallet to be used for all personal transactions. Rezapour timely appealed this condition, alleging that the district court abused its discretion by limiting him to a single cryptocurrency wallet. We find that it did not.

We have jurisdiction of this appeal under 28 U.S.C. § 1291. We review the imposition of a special condition of supervised release for abuse of discretion. *United States v. Gnirke*, 775 F.3d 1155, 1159 (9th Cir. 2015) (citing *United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012)) ("Where the defendant properly objected to a special condition of supervised release, we review the district court's imposition of the condition for an abuse of discretion."). Such review requires "considerable deference" to the conclusions of the district court

and "is limited to whether the condition was procedurally and substantively reasonable." *Id.* (quoting *Wolf Child*, 699 F.3d at 1089). A condition is substantively reasonable where it (1) is "reasonably related" to the nature and circumstances of the offense, the history and characteristics of the defendant, and the purposes of the sentence as a whole, including deterrence, protection of the public, and rehabilitation of the offender; (2) "involves no greater deprivation of liberty than is reasonably necessary" for those purposes; and (3) "is consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(1)–(3) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D)). Where "a district judge has considered the [18 U.S.C. ]§ 3553(a) factors and the totality of the circumstances supports the sentence, we have held that the sentence is substantively reasonable." *United States v. Blinkinsop*, 606 F.3d 1110, 1116 (9th Cir. 2010).

Rezapour contests the relatedness and reasonable necessity of the single-wallet condition. He first argues that the condition is not reasonably related to the crime, his history, or the purposes of his sentence because it does not materially diminish the supervisory burden on Probation, has no relationship to his predicate conviction, and fails to take into account his timely payment of restitution (if not of his criminal fine). While he acknowledges that it may be more convenient for Probation to supervise a single virtual wallet, he likewise contends that the special

3

condition involves a greater deprivation of liberty than is reasonably necessary because it negatively affects the security of his virtual assets and because Probation's supervisory interest is adequately accommodated by the various reporting requirements already imposed by the district court.

With respect to relatedness, we have previously held that a special condition limiting the defendant to a single bank account after he failed to make restitution payments is "reasonably related to supervising [the defendant's] ability" to pay. *United States v. Jeremiah*, 493 F.3d 1042, 1046 (9th Cir. 2007). Here, although Rezapour had fulfilled his obligation to pay the court-ordered restitution by the time the contested condition was imposed, he still owed $12,500 on his $15,000 criminal fine and had likewise failed to consistently make payments toward that debt. Indeed, the district court tailored the single-wallet condition expressly to address Rezapour's "lack of cooperation" with the terms of his sentence. Although a digital wallet does not serve exactly the same function as a bank account, the overarching purpose (storage and transfer of funds) is analogous. We therefore conclude that the single-wallet condition is reasonably related to the purposes of the sentence.

With respect to reasonable necessity, it is a "well-established principle that parolees and other conditional releasees are not entitled to the full panoply of rights and protections possessed by the general public"—indeed, they are "properly

4

subject to a 'broad range of [restrictions] that might infringe constitutional rights in free society.'" *United States v. Kincade*, 379 F.3d 813, 833 (9th Cir. 2004) (plurality opinion) (alteration in original) (quoting *McKune v. Lile*, 536 U.S. 24, 36 (2002)). Permissible restrictions have included the single bank account limitation noted above, the requirement that a defendant seek prior approval for all credit charges, broad financial disclosure requirements, and the requirement that a defendant apply all unexpected financial gains toward court-ordered restitution amount. *See, e.g.*, *Jeremiah*, 493 F.3d at 1046; *United States v. Garcia*, 522 F.3d 855, 862 (9th Cir. 2008); *United States v. Moschella*, 727 F.3d 888, 893–894 (9th Cir. 2013). As Rezapour had previously failed to make the required payments toward his criminal fine, failed to notify Probation of relevant changes to his financial circumstances, and failed to submit truthful monthly supervision reports, we conclude that limiting him to a single virtual currency wallet during the period of his supervised release was reasonably necessary to ensuring his compliance with his sentence. Any concomitant restriction on his liberty with regard to his virtual currency investments is not excessive in light of the totality of the circumstances and the district court's thorough consideration of the sentencing factors.

For the reasons set out above, reviewing the record as presented to the district court, we conclude that the district court did not abuse its discretion in imposing the contested single-wallet condition.

5

**AFFIRMED.**