NOT FOR PUBLICATION

FILED

**UNITED STATES COURT OF APPEALS**

AUG 26 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TROY MELVIN GROENE,

Defendant - Appellant.

No. 23-706

D.C. No.
1:21-cr-00242-BLW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted August 21, 2024[**]
Portland, Oregon

Before: CHRISTEN, NGUYEN, and HURWITZ, Circuit Judges.

Troy Melvin Groene appeals the sentence imposed by the district court

following his guilty plea to one count of sexual exploitation of a child, in violation

of 18 U.S.C. § 2251(a). The sentence imposed called for 25 years of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

imprisonment, five years longer than the parties' joint recommendation in the plea agreement. Groene argues that the government's statements at sentencing implicitly breached the plea agreement. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction to review Groene's sentence pursuant to 18 U.S.C. § 3742(a). *United States v. Farias-Contreras*, 104 F.4th 22, 27 (9th Cir. 2024) (en banc). Where, as here, defense counsel has raised a timely objection, we review de novo the defendant's claim that the government has breached its plea agreement. *See id.* We affirm.

The government did not implicitly breach the plea agreement by mentioning "aggravating factors" during its allocution before the sentencing judge.[1] Following *Farias-Contreras*, we assess implicit breach by first looking to the plain language of the plea agreement. *Id.* at 30. The agreement here permitted the government "to allocute fully at sentencing regarding any sentencing recommendation," and to rely on facts known to the court or contained in the presentence report. The same allocution clause of the agreement also specified that any information the government submitted be "in support of its recommendation." Groene takes the

---

[1] The government stated, "There are some aggravating factors, Your Honor, that I must mention to the Court because this process is important for the victims and the Government. But one of the aggravating factors that strikes me in this case is just the sheer number of victims and the pattern that the defendant has demonstrated over the course of most of his life." The government also stated, "[o]n the Government's side of things . . . , it is what you have heard today, what Mr. Groene's conduct has done to the victims."

"aggravating factors" statement in isolation and argues that it was not made "in support of" the joint recommendation.

But *Farias-Contreras* requires that we look beyond an isolated statement to "the totality of circumstances and consider, *inter alia*, the sequencing, severity, and purpose of the statements" to assess whether the government's arguments are "made in good faith and advance the objectives of the plea agreement." *Id.* at 31. In context, the prosecutor's statement served to acknowledge that *despite* "aggravating factors," the 20-year sentence was appropriate. The government began its allocution by describing the "background as to how we reached the resolution." The government then made a detailed and multi-pronged argument for the joint recommendation, both before and after the challenged statement. Its defense of the agreement was robust. For example, the government stated, "Twenty years is a significant sentence, Your Honor, and it's absolutely appropriate. And I am talking about why. Twenty years of this man's life is an appropriate sentence for this Court to impose." The government also stated, "And the reason that the plea agreement is appropriate, Your Honor, is because it adequately accounts for aggravating and mitigating factors in the case." The challenged statement in context was thus responding to the court's stated reluctance to follow the joint recommendation and was made "in support of" the recommendation pursuant to the plea agreement.

3                                                       23-706

Other circumstances indicate that the government's arguments were "made in good faith and advance the objectives of the plea agreement." *Farias-Contreras*, 104 F.4th at 31. The government did not deploy "inflammatory comments" or "a series of prejudicial statements" that might invite doubt about its good faith. *United States v. Heredia*, 768 F.3d 1220, 1231–32 (9th Cir. 2014) (quotation marks and citation omitted).[2] Indeed, in his reply brief, Groene acknowledges that the government deserves credit for spending a "great deal of time arguing in support of the joint recommendation," and confirms that he "is not implying any bad faith on the government's part." Taking the challenged statement in context, there is little room to doubt that the government sought to

---

[2] Groene's argument relies on *Heredia*, *United States v. Whitney*, 673 F.3d 965 (9th Cir. 2012), and *United States v. Mondragon*, 228 F.3d 978 (9th Cir. 2000). These cases are distinguishable because of both the impropriety of those prosecutors' statements and the terms of the plea agreements. The plea agreement in *Heredia* required both parties to jointly recommend the low-end sentence and only allowed the parties to "supplement the facts" or "correct any and all factual misstatements." 768 F.3d at 1228. Here, by contrast, the allocution clause of the plea agreement explicitly allowed the government to discuss any information in support of its recommendation. *Whitney* and *Mondragon* similarly lacked an allocution clause in the plea agreements at issue. In both of those cases, we found breach after the prosecutors raised facts already evident in the defendant's record, which could "serve no purpose but to argue for a harsher sentence than that which [the government] was obligated to recommend." *Whitney*, 673 F.3d at 971; *see Mondragon*, 228 F.3d at 979–81; *cf. United States v. Moschella*, 727 F.3d 888, 892 (9th Cir. 2013) (rejecting the defendant's comparison of his case to *Whitney* and *Mondragon* "because here the plea agreement specifically authorized the government's arguments"). As in *Moschella*, the government's arguments here "were directed to the specific objective identified in and permitted by the plea agreement." *See Moschella*, 727 F.3d at 892.

present a "united front" to preserve the joint recommendation. *United States v. Camarillo-Tello*, 236 F.3d 1024, 1028 (9th Cir. 2001).  We therefore hold that the government's allocution complied "with the letter and spirit of the plea agreement." *Farias-Contreras*, 104 F.4th at 31.

   **AFFIRMED.**