NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. HECTOR MANUEL GUERRERO, Defendant - Appellant. | No. 24-392 D.C. No. 5:23-cr-00158-EJD-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted February 14, 2025[**]
San Francisco, California

Before: N.R. SMITH and JOHNSTONE, Circuit Judges, and CHRISTENSEN, District Judge.[***]

Defendant-Appellant Hector Manuel Guerrero appeals the district court's

sentence following his conviction for felon in possession of a firearm, in violation

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 18 U.S.C. § 1291, and we affirm the judgment of the district court.

We review a preserved claim for breach of a plea agreement *de novo*. *United States v. Mondragon*, 228 F.3d 978, 980 (9th Cir. 2000). Where a party fails to raise an issue before the district court, we review for plain error. *See United States v. Whitney*, 673 F.3d 956, 970 (9th Cir. 2012). "Relief for plain error is available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Minasyan*, 4 F.4th 770, 778 (9th Cir. 2008). We need not reach the issue of whether Guerrero preserved his claim because, under either standard, the Government did not breach the plea agreement.

Guerrero argues the Government breached the plea agreement by expressing reservations about the agreed-upon guidelines range and by making statements that ostensibly advocated for an above-guidelines sentence. OB-15. We disagree. When reviewing an implicit breach claim, we "must look first to the plain language of the plea agreement." *United States v. Farias-Contreras*, 104 F.4th 22, 30 (9th Cir. 2024). The plea agreement at issue here provided the following: (1) the Government would recommend a sentence within the applicable guidelines range; (2) Guerrero could oppose the Government's sentencing recommendation and argue for a downward variance based on 18 U.S.C. § 3553(a) factors; and (3) the

Government could oppose any such recommendation for a downward variance based on 18 U.S.C. § 3553(a). ER-79–82. The Government's arguments were a "fair response" to Guerrero's request for a downward variance and were appropriately tethered to the 18 U.S.C. § 3553(a) factors. *United States v. Moschella*, 727 F.3d 888, 892 (9th Cir. 2012). Accordingly, we conclude there was no error and no breach of the plea agreement.

**AFFIRMED.**