**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

  v.

ABEL AURELIANO GALVEZ
CARRILLO, AKA Abel A. Galvez, AKA
Aurie A. Galvaz, AKA Ari, AKA Abel
Aureliano Galvez-Carrillo, AKA Abel A.
GalvezCarrillo, AKA Aureliano Galvez,
Jr., AKA Aureliano Abel Galvez, AKA Art
Galvez, AKA Abel Aureliano Galvaez
Carrillo, AKA Aureliano Galvez, AKA
Abel A. Galvez, AKA Aurie A.
Galvez, AKA Aureliano Dalve, AKA
Aureliano Dalvez, AKA Aureliano Dalve
Art, AKA Art Galez, AKA Art
Galvez, AKA Art A. Galvez,

      Defendant - Appellant.

No. 24-480

D.C. No.
8:22-cr-00080-JLS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted June 3, 2025[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pasadena, California

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

Defendant Abel Aureliano Galvez Carrillo appeals a district court judgment sentencing him to 41 months of imprisonment after he pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343. Defendant argues that the Government breached his plea agreement at the sentencing hearing.

"Generally, we review a defendant's claim that the government has breached its plea agreement de novo." *United States v. Farias-Contreras*, 104 F.4th 22, 27 (9th Cir. 2024) (en banc), *cert. denied*, 145 S. Ct. 1316 (2025). But where the defendant "failed to raise his objection at sentencing," we review for plain error. *Id.* "Relief for plain error is available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 27–28 (quoting *United States v. Minasyan*, 4 F.4th 770, 778 (9th Cir. 2021)).

In the plea agreement, the parties stipulated to a total offense level of 18 under the Sentencing Guidelines, which, together with a Category I criminal history, corresponded to a range of 27 to 33 months. The Government agreed "not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed." Additionally, the Government agreed to "[r]ecommend that

2

defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range," 27 months.

At the start of the sentencing hearing, the district court noted that the Probation Office had recommended a two-level enhancement because the victim suffered a "substantial financial hardship." Consistent with the plea agreement, the Government repeatedly contended that this enhancement did not apply. The district court nonetheless decided to hear testimony from the victim. Based on that testimony, the court found that the enhancement was warranted.

At that point, the Government stated, "I think I'm in a rare circumstance, at least for me, where I've learned new facts and I do agree with you that the guidelines should be at 20," but nevertheless continued "advocating for a total offense level of 18." Later in the hearing, the Government responded to the court's request for the Ninth Circuit case defining "substantial financial hardship" by citing *United States v. George*, 949 F.3d 1181 (9th Cir. 2020). The Government told the district court that it could find substantial financial hardship under the standard in *George*. Ultimately, the district court applied the two-level increase "despite the parties' agreement," which resulted in a total offense level of 20. The sentencing range for that offense level was 33 to 41 months, and Defendant was sentenced to 41 months.

1. Defendant argues that the Government breached the plea agreement at the

sentencing hearing by contending that the two-level increase for the victim's substantial financial hardship was appropriate. We disagree. The Government "honestly answer[ed] the district court's questions" about the applicability of the enhancement and did not breach the plea agreement. *United States v. Maldonado*, 215 F.3d 1046, 1052 (9th Cir. 2000).

But even assuming a breach of the plea agreement, Defendant has not shown that the error affected his "substantial rights." *United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1189 (9th Cir. 2013). The Government initially argued that the enhancement did not apply, but the district court nevertheless insisted on hearing the victim's testimony on this issue. Further, the district court stated that the victim's testimony supported a finding of substantial financial hardship *before* the Government stated that it agreed. Consequently, Defendant has not "convinced us" that, had the Government not made that statement, there was a "*reasonable probability*" that the district court would not have applied the two-level increase. *Id.* at 1188–89 (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)); *see United States v. Olano*, 507 U.S. 725, 734 (1993) ("In most cases, a court of appeals cannot correct the forfeited error unless the defendant shows that the error was prejudicial.").

2. Defendant also argues that the Government breached the plea agreement by highlighting the circumstances of the offense to impliedly advocate for a higher

4

sentence. However, the record shows that the Government made the disputed statements in response to Defendant's arguments for a sentence of "no more than 27 months." The Government was not categorically prohibited from presenting "information that [was] already known and contained in the presentence report," and it had "latitude to respond" to Defendant's request for a sentence lower than the Government's recommendation. *Farias-Contreras*, 104 F.4th at 30–31. The Government's response was also not so "inflammatory" that it was a "clear or obvious" breach of the plea agreement. *Id.* at 28, 30 (citations omitted); *see United States v. Moschella*, 727 F.3d 888, 892 (9th Cir. 2013) (no breach where "prosecutor's sentencing arguments were a fair response to Defendant's request for a downward variance from the low-end of the advisory Guidelines range"); *cf. United States v. Heredia*, 768 F.3d 1220, 1232 (9th Cir. 2014) (finding breach where government's statements were not "made off the cuff or in response to commentary or argument by the defense"). Because it is not clear or obvious that the Government's statements breached the plea agreement, we do not find plain error. *See Farias-Contreras*, 104 F.4th at 30 ("An error is plain when it is 'clear or obvious, rather than subject to reasonable dispute.'" (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009))).[1]

---

[1] We also note that the district court imposed a high-end sentence in large part due to Defendant's use of counterfeit federal badges and his dishonesty about the

5

**AFFIRMED.**

---

whereabouts of firearms registered to his name. Because the Government did not mention any of those factors, Defendant has failed to show a "reasonable probability" that he would have received a more lenient sentence but for the Government's alleged breach. *Gonzalez-Aguilar*, 718 F.3d at 1189.